Blas Plea.Agreement

LEONARDO M. RAPADAS
United States Attorney
JEFFREY J. STRAND
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910-5009
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

ORIGINAL
FILED
DISTRICT COURT OF GUAM
JUL 03 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
JUN 29 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00061 |
| Plaintiff, | **A M E N D E D** |
| vs. | **PLEA AGREEMENT** |
| MARIA C. BLAS | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A), the United States and the defendant, MARIA C. BLAS, enter into the following plea agreement:

1. The defendant agrees to waive Indictment pursuant to Federal Criminal Procedure Rule 7(b), and enter a guilty plea to an Information charging her with False Entry in Bank Records, in violation of Title 18, United States Code, Section 1005. If the Court accepts her guilty plea the government agrees not to prosecute the defendant for other offenses committed by her in her capacity as an officer and employee of Bank Pacific on Guam.

2. The defendant understands that the <u>maximum</u> sentence for False Entry in Bank Records is incarceration for not more than 30 years and a $1,000,000 fine. Any sentence imposed may include a term of supervised release of not more than 5 years in addition to such term of imprisonment, as well as, such restitution as the court may order and a $100 special assessment fee. The $100 special assessment fee must be paid at the time the defendant enters

-1-

her guilty plea. If the defendant violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her to an additional 3 years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant agrees that she will consent to an Order of Prohibition pursuant to Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(e), by entering into a Stipulation and Consent to the Issuance of an Order of Prohibition with the Office of Thrift Supervision.

4. The defendant understands that to establish the offense of False Entry in bank Records, a violation of Title 18, United States Code, Section 1005, the government must prove each of the following elements beyond a reasonable doubt:

> First: That Bank Pacific was a federally insured bank;
>
> Second: That the defendant made or caused to be made a false entry in a book or record of Bank Pacific;
>
> Third: That the defendant did so knowing it was false; and
>
> Fourth: That the defendant intended to injure or deceive Bank Pacific.

5. The defendant understands that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts she stipulates to herein will be used among other things, to determine her sentence.

The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines'

//

range projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

6. The government and the defendant stipulate and agree to the following facts:

The defendant was born on November 18, 1954 and is a citizen of the United States.

At all times material to the offence charged in the Information, Bank Pacific which was a federally insured financial institution on Guam and the defendant was an officer and employee of Bank Pacific. On March 24, 2006, the defendant deposited a $5000 check, no. 1143, in an account of Francis P. Cruz ( "Cruz") at Bank Pacific. The check was drawn on Cruz's account at Woodforest National Bank ("Woodforest"), a Texas bank. Cruz is the defendant's sister. On March 29, 2006 Woodforest received the $5000 check and on April 11, 2006 physically returned the check to Bank Pacific due to insufficient funds in Cruz's account at Woodforest. On April 11, 2006 the defendant approved the check for reprocessing, i.e., sending the check to Woodforest a second time. At the same time, however, the defendant did not remove the $5000 from Cruz's account at Bank Pacific resulting in the status of the account being falsely stated. The defendant's actions prevented Cruz's account from going into overdraft status and prevented other checks drawn on Cruz's Bank Pacific account from being dishonored due to insufficient funds. The government is aware of 17 other overdraft checks drawn on Cruz's Woodforest account being treated the same way by the defendant.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of her cooperation. Therefore, defendant understands and agrees that if she should fail to fulfill completely each and every one of her obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of her plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which she has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether federal, state, or local, shall be free to use against her, without limitation, any and all information, in whatever form, that she has provided pursuant to this plea agreement or

-3-

Case 1:07-cr-00061    Document 9    Filed 07/03/2007    Page 3 of 6

otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

8. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

9. In the event that the United States believes the defendant has failed to fulfill any of her obligations under this Agreement, then the United States shall, in its discretion, have the option of declaring any provision of this Agreement or its obligations herein null and void. Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

10. Nothing in this Agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this Agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

11. Nothing in this Agreement shall bind any other federal, state or local Districts, jurisdiction or law enforcement agency other than the United States Attorney for the District of Guam and the Northern Mariana Islands.

//
//

-4-

Case 1:07-cr-00061    Document 9    Filed 07/03/2007    Page 4 of 6

12. In exchange for the Government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction or to collaterally attack this conviction. Defendant reserves the right to appeal the sentence imposed in this case.

13. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

14. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. the nature and elements of the charges and the mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

    b. her right to be represented by an attorney;

    c. her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d. that if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

    e. that, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

    f. that she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. that she reads, speaks, writes and understands English;

    h. that she has read this agreement, and she fully understands it; and

//

i. the defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

16. This Plea Agreement states the complete and only Agreement between the United States Attorney for the District of Guam and the Northern Mariana Islands and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

DATED: 6/8/07

MARIA C. BLAS
Defendant

DATED: 6/8/07

F. RANDALL CUNLIFFE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 6/27/07

JEFFREY J. STRAND
First Assistant U.S. Attorney